IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RABBIT TANAKA CORP. USA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 08 C 3349 |
| ) | |
| THE PARADIES SHOPS, INC., ) | |
| IMAGE MASTERS, INC., and ) | |
| BIG LOTS STORES, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Rabbit Tanaka Corp. USA has sued The Paradies Shops, Inc., Image Masters, Inc. and Big Lots Stores, Inc. for patent infringement. Image Masters has moved to transfer the case to the Central District of California pursuant to 28 U.S.C. § 1404(a). For the reasons stated below, the Court denies Image Masters' motion.

### Background

Rabbit Tanaka alleges that it holds U.S. Patent No. 5,685,097, for an "illuminated colored display device," and that defendants have infringed and continue to infringe the patent by making and selling certain identified products. It also alleges that infringing products were sold in and shipped to this district. Rabbit Tanaka seeks damages and an injunction.

Rabbit Tanaka has identified itself as a Texas corporation with its principal place of business in Fort Worth, Texas. Paradies Shops is a Georgia corporation

headquartered in Atlanta, Georgia. It operates retail shops, nearly all of which are located at airports in the United States and Canada. Marek Affid. ¶¶ 2-3. Image Masters is a California corporation with its principal place of business in Agoura Hills, California, which is near Los Angeles. Traub Affid. ¶ 3. Based upon the information currently before the Court, it appears that Image Masters is a distributor of certain accused products. *See id.* ¶¶ 4-5. Big Lots is an Ohio corporation with its principal place of business in Columbus, Ohio; it is a well-known nationwide retailer that has "distribution centers" (which distribute products to its retail stores) located in Ohio, Pennsylvania, Alabama, California, and Oklahoma. Preston Affid. Ex. C. Big Lots, which was first named as a defendant in Rabbit Tanaka's amended complaint, has not yet been served with summons, and it is likely that the time for service has expired. *See* Fed. R. Civ. P. 4(m).

In an affidavit supporting the motion to transfer, Image Masters' president states that the company imported the products at issue from China to California and then shopped them to its customers, which are located throughout the United States. Traub Affid. ¶ 5. It has 2,230 customers, 146 of which are in Illinois. *Id.* ¶ 6. Big Lots is not one of its customers. *Id.* Image Masters' attorney has submitted an affidavit stating that based upon his review of information contained on Paradies Shops' website, that entity has only one shop in Illinois, located at the Quad Cities Airport in Moline. Preston Affid. ¶¶ 2-3. According to an affidavit submitted by Paradies Shops' chief financial officer, it sold the accused products only at shops in Georgia, Texas, California, Florida, Michigan, Tennessee, and Kentucky. Marek Affid. ¶ 4.

In seeking a transfer to the Central District of California, Image Masters

concedes that certain of the accused products were marketed in this District but says that does not distinguish this District from any other available venue. It argues that venue is proper in the Central District of California, its home district; the case has no significant connection to the Northern District of Illinois because no party is headquartered here and Rabbit Tanaka itself has no facilities or employees here; witnesses and documents are likely to be located in California, Georgia, and Texas; and the case is likely to get to trial quicker in the Central District of California than in this District.

In opposition to Image Masters' motion, Rabbit Tanaka argues that Image Masters has failed to show that the other defendants are subject to personal jurisdiction in the Central District of California, a prerequisite to transfer to a particular district under section 1404(a); Image Masters has failed to show that the proposed transferee district is more convenient than this District; and Image Masters has provided no support for its contention that significant witnesses are likely to be located in the proposed transferee district. Rabbit Tanaka also contends that records regarding its patents are located with its counsel in Chicago[1] and that it has brought other infringement actions in this District. Rabbit Tanaka argues that because the alleged infringers are found in disparate locations, the convenience factor tilts in favor of keeping the case here.

Paradies Shops also opposes transfer of the case to the Central District of California, though it appears to concede it is subject to jurisdiction in that district because it sold some of the questioned merchandise there. Its chief financial officer

---

[1] The patent reflects that the applicant was represented by the law firm of Keck, Mahin & Cate, a now-defunct firm located in Chicago. See Compl., Ex. A at 1.

3

has submitted an affidavit in which he states that the company's relevant records and its "key witnesses" (himself and the company's director of marketing) are located in Atlanta and that being forced to travel to the Central District of California would be "disruptive to [his] work." Marek Affid. ¶ 6. Paradies Shops does not oppose having the case proceed in the Northern District of Illinois, and it does not seek transfer to the Northern District of Georgia.

In its reply brief, Image Masters contends that the primary locus of the case is the Central District of California, "the only location through which everything in this case passed," and that no other judicial district has a greater connection with the case. It also argues that Big Lots is a "sham defendant" added only to aid Paradies Shops in avoiding transfer. If anything, Image Masters argues, Big Lots should be severed from the case. Image Masters does not suggest that Paradies Shops should be severed.

The Court permitted Rabbit Tanaka to file a surreply given Image Masters' belated suggestion regarding severance. Rabbit Tanaka notes that Image Masters has made no motion for severance under Federal Rule of Civil Procedure 21 or otherwise and that it did not object to the addition of Big Lots to the case. Rabbit Tanaka also argues that the law does not require a patent holder to file separate lawsuits against infringers in separate supply chains. It contends that considerations of convenience and judicial economy favor keeping the case in its current consolidated form, to avoid duplicative discovery and parallel claim construction hearings in different districts regarding the same patent claims.

## Discussion

Under section 1404(a), a court may, "[f]or the convenience of parties and

witnesses, in the interest of justice, . . . transfer any civil action to any other district or division where it might have been brought."  As the party seeking transfer, Image Masters "has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient."  *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986).[2]  In ruling on a motion for transfer, the Court considers the § 1404(a) criteria "in light of all the factors of the case," an inquiry that "necessarily involves a large degree of subtlety and latitude," including how much weight to give each of the statutory criteria.  *Id.* at 219 (citing *Christopher v. Am. News Co.*, 176 F.2d 11 (7th Cir. 1949), and *Brown v. Grimm*, 624 F.2d 58, 59 (7th Cir. 1980)); *see also, Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964).

In evaluating the convenience of the parties and witnesses, the Court considers: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience of the parties of litigating in the respective forums.  *See, e.g., Brandon Apparel Group, Inc. v. Quitman Mfg. Co.*, 42 F. Supp. 2d 821, 833 (N.D. Ill. 1999).

Rabbit Tanaka chose this District as the forum in which to file suit.  That choice is entitled to some weight, but not much, in view of the fact that this District has no greater connection with the case than any other of the numerous districts in which the alleged infringing products were sold.  The material events – i.e. the alleged infringing acts – took place in numerous districts around the country and are not, contrary to

---

[2] Even though this is a patent infringement case, this Court applies the procedural law of the Seventh Circuit.  *See, e.g., Vanguard Research, Inc. v. Peat, Inc.*, 304 F.3d 1249, 1254 (Fed. Cir. 2002).  *See generally In re TS Tech USA Corp.*, ___ F.3d ___, 2008 WL 5397522, at *1 (Fed. Cir. Dec. 29, 2008).

Image Masters' suggestions centered or focused in any one particular district.

Access to sources of proof other than witnesses is not likely to be an issue. In this day and age, transferring documents from one district to another is commonplace and, given the widespread use of digital imaging in big-case litigation, no more costly than transferring them across town.

Image Masters contends that important witnesses are likely to be located in its home district, but it has not supported that contention and, in particular, has identified no such witnesses. Speculation does not suffice to meet Image Masters' burden of proof. In any event, were one to speculate regarding the location of likely witnesses, one would assume that in view of the ubiquity of challenges to patent validity and claims of inequitable conduct vis-a-vis the Patent Office, there is a decent chance that the Chicago attorneys who prosecuted the patent (who are not claimed to be among the litigation counsel) would be witnesses too. Speculation aside, however, the only party that has specifically identified likely witnesses is Paradies Shops. Those witnesses are located in Georgia. Paradies Shops argues, and Image Masters does not dispute, that transfer to California would make the litigation far less convenient for them and for Paradies Shops.

Faced with Paradies Shops' opposition to transfer, Image Masters suggests in its reply brief that Rabbit Tanaka's claims against each defendant could be severed, which presumably would facilitate transfer of the claims against Image Masters to its home district. In evaluating whether to transfer the case, however, the Court takes the case as it is, not as it might be at some point in the future. At present, Image Masters has not moved for a severance, and it certainly has not provided the type of support that it

6

would need to get to first base on such a motion. Even were the Court to consider Image Masters' belated suggestion regarding severance as enough to properly bring the issue before the Court, the Court would be hard pressed to say, at this early stage, that a severance is appropriate. Among other things, severing the claims against defendants alleged to have infringed the same patent would create a risk of multiple, and potentially varying, constructions of the patent claims – a critical event in any patent infringement suit. The desire to have a single construction of the patent in claims of infringement relating to similar products is, in the Court's view, a "convenience" factor weighing against transfer.

In sum, analysis of the "convenience" factors reflects that transfer of the case to the Central District of California would make litigating the case more convenient for Image Masters but far less convenient for Paradies Shops. Image Masters has not shown, as required, that the proposed transferee district would be "clearly more convenient" than the forum that Rabbit Tanaka chose – in fact, there would be no net gain in convenience were the case transferred to the Central District of California. As the Seventh Circuit has stated, "[w]hen plaintiff and defendant are in different states there is no choice of forum that will avoid imposing inconvenience; and when the inconvenience of the alternative venues is comparable there is no basis for a change of venue; the tie is awarded to the plaintiff . . . ." *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 665 (7th Cir. 2003).

Section 1404(a) also requires the Court to weigh the "interests of justice" in its analysis. The relevant factors include "the court's familiarity with the applicable law, the speed at which the case will proceed to trial, and the desirability of resolving

controversies in their locale." *First Nat'l Bank v. El Camino Resources, Ltd.*, 447 F. Supp. 2d 902, 912 (N.D. Ill. 2006).

First, relative familiarity with the applicable law is not an issue in a patent infringement case, as the applicable law is the same nationwide. Second, a case like this one – in which the infringement is claimed to have occurred in multiple districts and to have involved multiple defendants – cannot be said to have a single "locale." That said, it is likely transfer would result in some marginal gain concerning the "locality" factor, because it would enable resolution of the claims vis-a-vis at least one defendant in one of the locales in which it is claimed to have committed infringing acts. In the overall scheme of things, however, this is not enough to tilt the balance in favor of transfer.

Image Masters also relies on statistics comparing the pace at which cases are disposed of, and go to trial, in this district as compared with the Central District of California. Those statistics reflect that, on average, civil suits are disposed of a bit more quickly in this district than in the proposed transferee district but that, on average, civil *trials* take place more quickly there than here. General statistics of this sort are, in the Court's view, relatively meaningless in the section 1404(a) analysis. They consist of averages for cases of all types and tell the reader nothing about cases of the particular type at issue. Specifically, these statistics say nothing at all about patent infringement cases and how quickly they proceed to trial in the two districts. The Court does not regard this factor as tilting the balance one way or the other.

## Conclusion

The Seventh Circuit has stated that on a motion to transfer venue, "unless the

8

balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Natl. Presto Indus.,* 347 F.3d at 664. Image Masters has failed to make the requisite showing. The Court therefore denies Image Masters' motion to transfer venue [docket no. 39] and sets the case for a status hearing in Judge Kennelly's chambers on February 5, 2009 at 9:00 a.m. for the purpose of establishing a comprehensive pretrial schedule.

                                                                                           _____
                                                                                            MATTHEW F. KENNELLY
                                                                                            United States District Judge

Date: January 23, 2009